**08 C 193**

# EXHIBIT A

**JUDGE GUZMAN
MAGISTRATE JUDGE KEYS**

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

To: James Loughrey
    8402 S. Hillside Dr.
    Palos Park, IL 60464

You are hereby required to appear before

　　　　Aniela B. Janachowski, Investigator & Mona Howell, Supervisory Investigator

Employee Benefits Security Administration, U.S. Department of Labor, at

　　　　　　　　200 W. Adams St, Suite 1600

in the City of Chicago on the 17th day of April 2007 at 10:00 o'clock a. m. of that day, to testify in the Matter of an investigation of

　　　　　　　　Loma Services, Inc SIMPLE IRA Plan

being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;

And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:

　　SEE ATTACHMENT

Fail not at your peril.



In testimony whereof I have hereunto affixed my signature and the seal of the United States Department of Labor at Chicago, this 6th day of April, 2007

_____
Steven L. Haugen, Regional Director
Chicago Regional Office

ATTACHMENT TO SUPBOENA FOR
JAMES LOUGHREY

## DEFINITIONS AND INSTRUCTIONS

1. The term "document" or "documents" shall mean all writings or electronic data within the meaning of Rule 1001(1) of the Federal Rules of Evidence (i.e. "letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, wire transfer, mechanical or electronic recording, or other form of data compilation"), however produced or reproduced, of every kind or description within James Loughrey's possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of James Loughrey, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations, interviews, meetings and/or conferences; tabulations; and all drafts and copies of such documents containing additional marks or notations not found on the original.

2. The term "PLAN" shall mean the Loma Services, Inc. SIMPLE IRA Plan

3. The term "LOMA" shall mean the Loma Services, Inc. any predecessor or successor entity including any affiliates, subsidiaries or any other person or persons acting on their behalf.

4. The term "LASALLE" shall mean LaSalle St. Securities any predecessor or successor entity including any affiliates, subsidiaries or any other person or persons acting on their behalf.

5. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

6. The terms "relating to" or "relate to" mean constituting, referring to, pertaining to, including or containing any information, including names, dates or amounts, which in any way concerns, affects, or describes the terms or conditions, or identifies facts with respect to the subject of inquiry.

7. The use of the word "including" shall be construed to mean "without limitation."

8. Unless otherwise specified, the time period covered by this request is from **January 1, 1999 to the date of final production hereunder**. Documents created prior to January 1, 1999 but which have been used or relied on since January 1, 1999, or describe legal duties which remain in effect after January 1, 1999 (such as contracts and trust agreements) shall be produced in response to this request.

9. If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect to each such document:

    a.    the specific privilege being asserted;

    b.    the nature of the document (e.g., letter, memoranda, etc.);

    c.    the author of the document and the date it was prepared;

    d.    the recipient of the document and all individuals who received copies of it, and

    e.    the subject matter of the document.

10. If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document;

    a.    the date destroyed;

    b.    the method of destruction;

    c.    the reason for the destruction;

    d.    the person or persons who authorized the destruction, and

    e.    the subject matter of the document destroyed.

**DOCUMENTS TO BE PRODUCED**

1. Signed originals of the PLAN document, Trust Agreement and all current amendments.

2. All documents that identify any contributions that were not remitted or transferred for deposit to the PLAN (or to the party designated to receive such contributions on behalf of the PLAN) by the 15th business day of the month following the month in which the participant contributions were withheld from employee paychecks by TRAVEL.

3. Latest Internal Revenue Service Determination letter for the PLAN.

4. All documents reflecting the following: name, address or telephone number of all PLAN Administrator(s) and PLAN Trustee(s).

5. The PLAN's Fidelity Bond Policy including the policy general provisions and all endorsements and/or riders, and proof of payment of the current fidelity bond premium.

6. The PLAN's Fiduciary Insurance Policy including the policy general provisions and all endorsements and/or riders, and proof of payment of the current fiduciary insurance policy;

7. Forms 5305 and all attachments for these years and all associated audited and un-audited financial statements and schedules, accountant's opinions and management letters.

8. Summary Annual Reports for the PLAN.

9. The PLAN's most recent listing of assets.

10. The PLAN's most recent participant salary deferral election notices.

11. All documents showing amounts withheld from employee paychecks for contribution to the PLAN, including payroll registers.

12. All documents evidencing the amount of employer contributions due to the PLAN, including payroll registers.

13. All documents showing the remittance or deposit of all employer contributions to the PLAN, including canceled checks (front and back) and records of wire transfers.

14. All agreements or contracts between and/or among third party service providers, the Plan Sponsor and the PLAN, and all amendments to such agreements.

15. All documents showing outstanding participant loans, including the PLAN's loan policy, loan agreements, amortization/repayment schedules, and promissory notes.

16. All correspondence, memoranda, notes and other written records between the PLAN and the Plan sponsor relating to any late and/or delinquent contribution remittances to the PLAN.

17. All documents which identify all members of the PLAN's administrative committee, and all other individual(s) responsible for exercising any discretion regarding management of the PLAN.

18. All minutes of any meetings held by LOMA's Board of Directors, or of any meetings held by the PLAN's administrative committee relating to selection of Plan service providers, employer or employee contributions to the PLAN, or Plan termination.

19. All correspondence, memoranda, notes and other written records between the PLAN and the PLAN service providers; including investment managers, and trustees, or other service providers.

20. All documents provided to PLAN participants describing the benefits provided, including Summary Plan Descriptions.

21. All documents relating to the termination of the PLAN including any notice provided to Employees covered by the PLAN and corporate resolutions.