UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor,

          Petitioner,

v.

**JAMES LOUGHREY, CUSTODIAN OF RECORDS AND TRUSTEE OF LOMA SERVICES, INC. SIMPLE IRA PLAN,**

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.: 1:08-cv-00193

**PETITIONER'S SUBMISSION ON ATTORNEY'S FEES AND COSTS**

Petitioner, the Secretary of Labor, submits the attached itemized list of attorney's fees and costs, as requested by the Court's August 6, 2008 Order of Contempt. The total amount requested is $4,310.32.

There is no precise methodology for calculating reasonable attorney's fees. See In re Meier, 223 F.R.D. 514, 519 (W.D. Wis. 2004). District Courts have "broad discretion in setting sanction awards that they believe will serve a deterrent purpose, while at the same time awarding only fees that result directly from the conduct to be sanctioned." Id. (citing Divane v. Krull Elec. Co., 319 F.3d 307, 314 (7th Cir. 2003)).

The calculation is further complicated when the work was performed by government attorneys. There is authority for the proposition that government attorneys should be compensated at the prevailing hourly rate in the market, regardless of their own salaries. See Blum v. Stenson, 465 U.S. 886 (1984); United States v. City of Jackson, 359 F.3d 727, 733-34 (5th Cir. 2004); United States v. Big D Enters., Inc., 184 F.3d 924, 936 (8th Cir. 1999); Napier v.

<u>Thirty or More Unidentified Federal Agents, Employees or Officers</u>, 855 F.2d 1080, 1092-93 (3d Cir. 1988).  For purposes of attorneys' fees awarded to the United States Department of Justice for work performed by Assistant United States Attorneys, however, the Justice Department has elected to base its calculations on the more modest measure of the government attorney's compensation.  In an abundance of caution, the Secretary used this more conservative approach.

Attached as Exhibit A is a declaration of Rafael Alvarez, detailing the time spent, his annual salaries during the relevant time period, and the calculation of the fees expended, totaling $4,310.32.[1]

Accordingly, the Secretary requests that the Court order Respondent, James Loughrey, Custodian of Records and Trustee of Loma Services, Inc. Simple IRA Plan, to pay her attorney's fees and costs in the amount of $4,310.32, as set forth in the Court's Order.

                        Respectfully submitted,

                        **GREGORY F. JACOB**
                        Solicitor of Labor

                        **JOAN E. GESTRIN**
                        Regional Solicitor

                        s/ Rafael Alvarez

**P.O. ADDRESS:**           **RAFAEL ALVAREZ**
Office of the Solicitor       Senior Trial Attorney
U.S. Department of Labor
230 South Dearborn Street   Attorneys for Elaine L. Chao,
Eighth Floor                Secretary of Labor, United States
Chicago, Illinois 60604      Department of Labor,
Telephone: (312) 353-1144   Petitioner

---

[1] Necessarily, further time was expended after sending the fee request to Respondent, including the preparation of this memorandum, but the Secretary has not included those amounts in her request.

## **CERTIFICATE OF SERVICE**

I certify that one copy of the foregoing *Petitioner's Submission on Attorney's Fees and Costs* has been served this 26th day of August, 2008, by first-class mail to the following individual:

> James Loughrey
> 8402 S. Hillside Dr.
> Palos Park, IL 60464

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Room 844
Chicago, Illinois 60604
Telephone: 312/353-1144
Facsimile: 312/353-5698

s/ Rafael Alvarez
**RAFAEL ALVAREZ**
Senior Trial Attorney

One of the Attorneys for Elaine L. Chao, Secretary of Labor, United States Department of Labor, Petitioner